IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORLANDO DIAZ,                    )
                                 )
          Petitioner,            )
                                 )
     v.                          )   No. 05 C 928
                                 )
UNITED STATES,                   )
                                 )
          Respondent.            )
                                 )
                                 )

## MEMORANDUM OPINION AND ORDER

In 1998, Mr. Diaz was convicted of drug charges relating to a gang conspiracy to distribute crack cocaine. Mr. Diaz and 20 other defendants were arrested in July 1997 and charged with various drug crimes. After a jury trial, Mr. Diaz was convicted of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. Mr. Diaz was sentenced to 240 months incarceration on June 1, 1999. Mr. Diaz appealed to the Seventh Circuit, which affirmed his conviction, *see United States v. Hernandez*, 330 F.3d 964 (7th Cir. 2003), and his petition for certiorari to the Supreme Court was denied in 2004. *Diaz v. United States*, 541 U.S. 904 (2004).

Mr. Diaz moves to vacate, set aside, or amend his sentence, pursuant to 28 U.S.C. § 2255. Mr. Diaz argues that his sentence was unconstitutional, pursuant to *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005). Mr. Diaz also argues that his trial

counsel provided him with constitutionally insufficient assistance in two ways: (1) failure to raise an argument under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), against judicial findings at his sentencing; and (2) failure to investigate allegedly exculpatory testimony by his co-defendant and to move for severance so that the co-defendant might testify.

Mr. Diaz argues that his sentence violates his rights under the Sixth Amendment, according to the decision in *United States v. Booker*, 543 U.S. __, 125 S.Ct. 738 (2005). Mr. Diaz argues that the amount of controlled substance charged to him at sentencing was not submitted to nor determined by a jury. The Seventh Circuit has held, however, that *Booker* is not applicable on collateral review of any judgment that became final before the release of that decision on January 12, 2005. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Mr. Diaz's judgment became final before that date, when his petition to the Supreme Court was denied in March 2004.

To show that he received constitutionally deficient assistance from his counsel, Mr. Diaz must show both that his counsel's performance was deficient, and that those deficiencies prejudiced Mr. Diaz's defense. *Griffin v. Camp*, 40 F.3d 170, 173 (7th Cir. 1994). A strong presumption of effective assistance attaches to counsel's performance. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). Mr. Diaz must establish both the deficiencies and

2

their effect on his trial or his claim must fail. *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996). Establishing ineffective assistance of counsel is a difficult task for a § 2255 petitioner, and few petitioners will be successful. *Griffin*, 40 F.3d at 173.

Mr. Diaz's first argument – that counsel should have objected to the judicial findings of drug amounts – fails, for the reasons stated above. A *Booker* argument could not have succeeded on direct appeal, as the decision had not yet been handed down, and the failure of that argument here rests on the timing of Mr. Diaz's judgment, not a potential failing of his counsel. Mr. Diaz can establish neither deficiency nor prejudice.

Mr. Diaz's second argument for ineffective assistance of counsel also fails. Mr. Diaz argues that his co-defendant, Samuel Santana, was willing to testify that Mr. Diaz was not part of any alleged conspiracy to distribute cocaine base, nor did Mr. Diaz commit any act in furtherance of that conspiracy. Proposed exculpatory testimony by a co-defendant is a potential ground for severance. *United States v. Balzano*, 916 F.2d 1273, 1283-84 (7th Cir. 1990). Mr. Diaz has presented an affidavit from Mr. Santana, indicating that Mr. Santana was willing to testify that Mr. Diaz was not involved in the charged conspiracy. However, Mr. Diaz has not shown that this testimony would have been credible, in the face of other evidence implicating Mr. Diaz in the conspiracy and drug

sales, as well as evidence indicating Mr. Santana's leadership role in that conspiracy. Mr. Diaz fails to establish deficiency or prejudice.

As Mr. Diaz has not presented a meritorious claim to support his § 2255 motion, that motion is denied.

**ENTER ORDER:**

_Elaine E Bucklo_
**Elaine E. Bucklo**
United States District Judge

Dated: July 18, 2005